IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE MARQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3644 |
| | § | |
| ALLSTATE TEXAS LLOYDS and | § | |
| MATT KRUMPHOLZ, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff Jose Marquez's Opposed Motion to Remand (Document No. 4). After carefully considering the motion, response, and the applicable law, the Court concludes for the reasons that follow that the motion should be denied.

I. Background

In April 2013, Plaintiff Jose Marquez ("Plaintiff") filed a claim under his homeowner's insurance policy ("the Policy") with Defendant Allstate Texas Lloyds ("Allstate") for wind and hail damage to his home located at 13111 Lily Park Lane, Houston, Texas 77085 ("the Property").[1] Plaintiff alleges that Allstate and adjuster Matt Krumpholz ("Krumpholz," and together with Allstate, "Defendants") improperly adjusted and underpaid his claim.[2]

---

[1] Document No. 1-2 ¶¶ 8-10 (Orig. Pet.).

[2] Id. ¶¶ 4, 12-23.

Plaintiff brought suit in state court, alleging claims for breach of contract, breach of the duty good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act ("DTPA") against Allstate.[3] Plaintiff also alleges claims for violations of the Texas Insurance Code against both Allstate and Krumpholz.[4]

Allstate is a citizen of Illinois, Colorado, Michigan, and New Jersey.[5] Krumpholz and Plaintiff are citizens of Texas.[6] Allstate removed this case to federal court, contending that this Court has jurisdiction based on complete diversity of citizenship because Krumpholz was improperly joined as a defendant.[7] Plaintiff now moves to remand, arguing that Krumpholz is a proper defendant in this suit.[8]

---

[3] Document No. 1-2 ¶¶ 27-28, 38-39, 41-42.

[4] Id. ¶¶ 29-37.

[5] Allstate, as an unincorporated insurance association, is considered to have the citizenship of each of its underwriters. See Royal Ins. Co. of Am. v. Quinn-L Cap. Corp., 3 F.3d 877, 882-83 (5th Cir. 1993). Allstate's individual underwriters are residents and citizens of Illinois, Colorado, Michigan, and New Jersey. Document No. 1 ¶ 5.

[6] Document No. 1-2 ¶¶ 2, 4; Document No. 4 ¶ 10.

[7] Document No. 1.

[8] Document No. 4. The parties do not dispute that the amount in controversy exceeds $75,000.

## II. Motion to Remand

### A. Improper Joinder Standard

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003). Here, Defendants allege the latter and hence, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant. Id. at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. Id. In making this determination, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). In conducting this analysis, the Court evaluates the petition under Texas's "fair notice" pleading standard, rather than under the federal pleading standard. Stevenson v. Allstate Texas Lloyd's, Civ. A. No. 11-cv-3308, 2012 WL 360089, at *3 (S.D. Tex. Feb. 1, 2012) (Ellison, J.). *See also*

3

Tex. R. Civ. P. 47(a) (requiring "a short statement of the cause of action sufficient to give fair notice of the claim involved.").

The party claiming improper joinder bears a "heavy" burden of persuasion. Smallwood, 385 F.3d at 574. All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005), and contested issues of fact and any ambiguities in state law must be resolved in favor of remand. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

B. Analysis

The parties do not dispute that an insurance adjuster such as Krumpholz can be liable under the Texas Insurance Code.[9] See Blanchard v. State Farm Lloyds, 206 F. Supp. 2d 840, 846-47 (S.D. Tex. 2001) (Rosenthal, J.) (holding that insurance adjuster who handled claim may be personally liable for his deceptive acts or practices under the Texas Insurance Code). See also Tex. Ins. Code §§ 541.002-003. Therefore, the issue presented is whether Plaintiff has alleged sufficient facts to support a reasonable basis to predict recovery against Krumpholz.

---

[9] See Document No. 5 at 8 ("Allstate does not dispute that it is possible to maintain a cause of action under Chapter 541 of the Texas Insurance Code against an individual adjuster.").

4

In his Original Petition, Plaintiff alleges that Krumpholz is "a licensed Texas insurance adjuster,"[10] and that "Defendants" improperly adjusted his claim.[11] Plaintiff serially alleges in conclusory language violations of numerous sections of the Texas Insurance Code, but does not allege which of the broadly alleged misconduct of "Defendants" is attributable specifically to Krumpholz. These allegations are not sufficient to establish a reasonable basis for predicting that Texas law might impose liability on Krumpholz. See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999) ("We cannot say that [plaintiff's] petition, which mentions [the insurance agent] once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit

---

[10] Document No. 1-2 ¶ 4.

[11] See, e.g. id. ¶ 12 ("Defendants failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage."); id. ¶ 13 ("Defendants improperly paid Plaintiff's claim for replacement of the property by not providing full coverage for all areas of damage to the property, even though the policy provided coverage for losses such as those suffered by Plaintiff."); id. ¶ 14 ("Defendants failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendants failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendants. Such conduct constitutes breach of the insurance contract between Defendants and Plaintiff."); id. ¶ 15 ("Defendants misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Insurance Code.").

5

notice pleading."); <u>TAJ Properties, LLC v. Zurich Am. Ins. Co.</u>, Civ. A. No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) ("Allegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster.").[12] Accordingly, the Court finds that Krumpholz was improperly joined, and Plaintiff's Motion to Remand is denied.

### III. Order

Based on the foregoing, it is

---

[12] See also <u>Jimenez v. Travelers Indem. Co.</u>, Civ. A. No. H-09-1308, 2010 WL 1257802, at *6 (S.D. Tex. Mar. 25, 2010) (Harmon, J.) (denying motion to remand where "Plaintiffs have failed to allege any specific facts demonstrating actionable conduct against [the adjuster], no less against her in her role as an alleged adjuster liable under Texas law, nor to differentiate between the conduct of the two Defendants."); <u>Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.</u>, Civ. A. No. H-09-1728, 2009 WL 3602043, at * 3 (S.D. Tex. Oct. 27, 2009) (finding fraudulent joinder in part because petition "fail[ed] to allege facts illustrating what actions are attributable to [the adjuster] individually"); <u>Frisby v. Lumbermens Mut. Cas. Co.</u>, Civ. A. No. H-07-015, 2007 WL 2300331, at *4 (S.D. Tex. Feb. 20, 2007) (Miller, J.) (petition alleging violations of the Insurance Code by both the insurer and the adjuster "[did] not sufficiently separate those actions attributable to [the insurance company] from those of the [adjuster].")

ORDERED that Plaintiff Jose Marquez's Opposed Motion to Remand (Document No. 4) is DENIED, and Defendant Matt Krumpholz is DISMISSED as having been improperly joined.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 24TH day of February, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE